CASE 73—ACTION TO SURCHARGE A SETTLEMENT—DEC. 13.

# Pickerell v. Thompson, &c.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.    AFFIRMED.

ASSIGNMENT FOR CREDITORS—SUIT TO SURCHARGE SETTLEMENT OF ASSIGNEE.

Held:   1. A creditor who has not filed exceptions in the county court to a report of settlement made by an assignee for the benefit of creditors may maintain an action in the circuit court to surcharge the settlement, as it is only creditors who have filed exceptions that are limited to the remedy by appeal.

2. An allowance to an assignee for creditors approximating 5 per cent. of the assets of the estate will not be disturbed, being authorized by the proof in the case, and the analogy to allowances to other trustees fixed by the statute.

3. It is doubtful whether a judgment allowing an attorney's fee is subject to review where the attorney is not a party to the appeal.

WINFIELD BUCKLER, ATTORNEY FOR APPELLANT.

1. Under the act of March 16, 1894, county courts have exclusive jurisdiction for the settlement of assigned estates except as modified by sec. 96 Ky. Stats., p. 198. Whether this be true or not the county court certainly had concurrent jurisdiction with the Circuit Court, and the rule is well established, that, "Where one of two courts of concurrent jurisdiction, has taken cognizance of a cause, the other will not entertain jurisdiction of the same cause."

2. The contention of the appellees, is, that they were not parties to the suit in the sense that they are bound by the judgment allowing the appellant's claim. Our contention is that when a creditor appears before the commissioner and prevents his claim, he thereby becomes a party to the suit, and is bound by the judgment.

3. Even if the Circuit Court has jurisdiction in this suit, it erred in disturbing the judgment of the County Court as to the allowance to the assignee, as "the compensation to be allowed an assignee is within the sound legal discretion of the chancellor or court."

Pickerell v. Thompson, &c.

## AUTHORITIES CITED.

McNamara v. Schoeninger, 49 S. W. Rep., 1061; Ky. Stats., Ch. 7, p. 193; Freeman on Judgments, secs. 157 and 485; Anderson's Dictionary, "Notice;" Com. v. Cain, 80 Ky., 319; Wood v. Corley, 19 R., 1308; Watson v. Carman, 10 R., 288; Snapp v. Snapp, 87 Ky., 554; Hooker v. Cecil, 84 Ky., 202; Hasty v. Berry, 10 R., 240; Mattingley v. Elder, 19 R., 1645; Richardson v. Chancellor, 20 R., 127; Civil Code, sec. 17; Blake v. Wolf, 49 S. W. Rep., 19; Phillip's Admr. v. Bustard, 1 B. M., 348; Cit. Nat. Bank v. Calloway, 19 R., 1631.

WM. H. HOLT, ATTORNEY FOR APPELLANT.

1. It is said by appellee that there was no suit in the County Court. It was certainly a *proceeding*. The appellees proved their claims; this made them parties to the proceeding. There could have been an appeal from this, but there was not, and its action was final.

2. The allowance made by the County Court was not excessive, and should have great weight with this court, as the court had more thorough knowledge of the entire transaction than the Circuit Court. It is conceded that the estate was admirably managed. Not a dollar was lost. Authorities same as cited by attorney Buckler, and 89 Ky., 425, Hendricks & Co. v. Silva, &c.; Ky. Stats., secs. 74, 85, 87, 91, 92, and 93.

THOMAS OWENS, FOR APPELLEES.

1. No notice of this settlement was given.

2. The law does not in terms fix the compensation of assignees; but the analogy between the duties of assignees and commissioners, executors, administrators and curators, is such that all ought to be regulated by the same rule. Ky. Stats., secs. 1740, 3883; Brady v. Cooper, 12 Ky. Law Rep., 420; Rennick v. Rennick, 92 Ky., 335; Wathen v. England Mas. Comr., 19 Ky. Law Rep., 1601; McHenry v. Winston, 20 Ky. Law Rep., 1194.

ADDITIONAL BRIEF BY THOS. OWENS, FOR APPELLEE.

1. The proceeding in the County Court had none of the elements of a suit, and the action of the County Court in confirming an *ex parte* settlement is not, in any sense a judgment.

2. The act of March 16, 1894, was not designed to interfere with any *rights* possessed by creditors before its enactment, either to enlarge or diminish. Its sole purpose was to facilitate the settlement of insolvent estates *at a minimum expense.*

3. A bill in chancery to surcharge a fiduciary settlement, is not a suit to settle an estate. Scott's Heirs v. Kennedy's Exr., 13 B. M., 515; Bouvier's Law Dic. Assignment; Brady v. Cooper, 12 Ky. Law Rep., 420; Mattingley v. Elder, 19 Ky. Law Rep., 1647.

KENNEDY & WILLIAMSON, FOR APPELLEES.

## POINTS AND AUTHORITIES.

### I.

Even if the petition of appellees was defective as claimed by appellant, yet it was cured by the answer, proof and judgment in this case. Vaughn's Executor v. Gardner, 7 B. M., 327, 328; Wilson v. Hunt's Admr., 6 B. M., 379, 380; Dean v. Dean's Admr., 8 Ky. Law Rep., 419; Royal Ins. Co. v. Smith & Beall, 82 Ky. Law Rep., 521; Aetna Ins. Co. v. Strickle. 3 Ky. Law Rep., 535; Drake's Admr. v. Semonin, 82 Ky., 294, 295; Richardson v. Payne, 15 Ky. Law Rep., 159; Chitty on Pleading, vol. 1, 703 (16 ed.); Western Assurance Co. v. Ray & Co., 20 Ky. Law Rep., 1362; Bentley v. Bustard, 16 B. M., 691.

### II.

This action was not for a settlement of the estate, but to surcharge a settlement, and it was not necessary to allege that the plaintiffs represent one-fourth of the liabilities against the estate, as provided by section 96, Kentucky Statutes.

### III.

The order of the County Court confirming the settlement and allowance to appellant for his services was *ex parte* only. Act of March 16, 1894, Ky. Stats., p. 202-208; Brady v. Cooper, 12 Ky. Law Rep., 420; Bell v. Henshaw's Exr., 12 Ky. Law Rep., 675; Acts of May 5, 1880, and May 9, 1884, Gen. Stats., pp. 394-395.

### IV.

Section 88, Kentucky Statutes, was construed by this court long prior to the Act of March 16, 1894, in the case of Brady v. Cooper, 12 Ky. Law Rep., 420, and in other decisions, and it is a well settled rule of construction, that where a statute has been construed and is again adopted as a part of an act of the Legislature, it will be considered as adopted with the construction previously given. Carney v. Hampton, 3 T. B. M., 231; Allen v. Kamsey, 1 Met., 635; Barbour v. City of Louisville, 83 Ky., 95; Am. & Eng. Ency. of Law, vol. 6, 935, (2 ed.); People v. Coleman, 60 Am. Dec., 584; Met. R. R. Co. v. Moore, 121 U. S., 558; Endlich on the Interpretation of Statutes, sec. 30; Sutherland on Statutory Construction, secs. 310, 311, 312 and 333.

V.

The judgment shows that appellant was allowed $2,000 for his services in the two assigned estates, and the proof in this record shows that said allowance was at least $500 more than his services were worth.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

In February, 1894, William A. Wilson and George W. Wilson made assignments to appellant, Pickerell, for the benefit of their creditors. The deeds of assignment were separate, but executed the same day. The Wilsons were brothers, and had been in the habit of signing each other's notes as surety; and sometimes one brother would sign both names to the same paper, so that a failure involved both, although their business was not joint. The appellant, as assignee of two estates, proceeded in the county court under the act of March, 1894, when that act became operative, and in June, 1896, made a settlement in the county court of the estate coming into his hands; but the settlement did not give to appellant a discharge or acquittal as assignee. In this settlement the county court allowed the assignee in each case the sum of $1,500 for his services, and also allowed to his attorney, Harry Kennedy, $600 in each case. In the same order of the county court a *pro rata* distribution of the assets was directed.

In September, 1897, appellees, Thompson and others, creditors of the Wilsons, filed two actions in the circuit court of Nicholas county, alleging the facts substantially as above, and sought to surcharge the settlement made in the county court to the extent of the allowances to the assignee and to his attorney. The attorney was not made a party, however. The assignee is sought to be charged with both sums. It is alleged that the assets in each case were about $20,000, and that the creditors had received, under orders from the county court, 37 per centum of their debts.

Appellees alleged that the allowances of $1,500 to appel-
lant and $600 to his attorney were illegal and exorbitant,
and should not have been allowed.    By consent the
two actions to surcharge the settlements in the circuit
court were consolidated and heard as one case.    Appellant
filed a demurrer to the petition, and, this being overruled,
answered.    The answer pleads that the allowances were
regular, legal, reasonable, and just; that they were made
by the county court, which had full jurisdiction of the sub-
ject-matter and the parties; and that its judgment was
final and conclusive unless reversed by appeal prosecuted
within sixty days.    Upon trial, after much proof was
taken, the court allowed to appellant, as assignee, the sum
of $1,000 in each case, and reallowed the attorney's fees at
the same figure fixed by the county court.    From that
judgment the assignee prosecutes this appeal, and the cred-
itors complaining prosecute a cross appeal.

Section 88, Kentucky Statutes, governing voluntary as-
signments, provides for an appeal to the circuit court from
a judgment of the county court overruling or sustaining an
exception by the assignee or any creditor.    Section 89 pro-
vides that all proceedings in the county court shall be *ex
parte*, and upon motion, but when exceptions are filed the
party affected shall have ten days' notice of the time of
trial.    We are of opinion that the appeal provided for in
section 88 applies to cases where exceptions are filed under
section 89, and where the proceeding is *ex parte*, and with-
out exception or notice, and formal trial in the county
court upon some matter presented therein, an action in
equity lies in the circuit court to surcharge any error in
the settlement, as in other *ex parte* settlements, such as
administrators, curators, executors, and the like.    We are
of opinion that it was not intended to limit to appeal with-

in sixty days any interested person's right to correct an error in the settlement with the county court, of which he had only constructive notice by reason of filing his claim. It is only when such interested person becomes a party to the record by exception, and notice is given of a day for trial—an issue formed— that the remedy is limited to appeal. Therefore the petitions state a cause of action, and the demurrer thereto was properly overruled. It also follows that the answer pleading the judgment of the county court fixing the allowances did not constitute a defense, and a demurrer thereto was properly sustained. From the proof in the case, we do not feel inclined to disturb the judgment of the circuit court.

The allowance to the assignee is approximately 5 per centum of the assets of the estates, and, while the law does not fix the amount to be allowed in these cases, we think the proof in the case, and the analogy to allowances fixed by statute in other trust estates, fully warranted the court in fixing the allowances at $1,000 in each case.

The attorney, Harry Kennedy, is not a party to the appeal, and hence it is doubtful if the judgment allowing him attorney's fee in each case is subject to revision; but, if it were, we think it is fairly shown that his services rendered the assignee and the estate were reasonably worth that sum. Both the county and circuit courts agreed that the attorney had earned $600 in each case, and also agreed that the assignee had earned as much as $1,000 in each case, and these sums allowed meet our approval.

The judgment is affirmed on the original and on the cross appeal.